UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIE S. PUTTERMAN, | ) |
| Plaintiff, | ) CASE NO. C18-0376RSM<br>) <br>) ORDER GRANTING IN PART AND |
| v. | ) DENYING IN PART MOTION TO<br>) STRIKE |
| SUPREME CHAIN LOGISTICS, LTD., a<br>foreign corporation, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Strike Affirmative Defenses pursuant to Federal Rule of Civil Procedure 12(f). Dkt. #18. Plaintiff argues that a number of Defendants' affirmative defenses should be stricken because they are insufficiently pled. *Id.* Defendants Supreme Chain Logistics and Davinder Neele respond that their defenses should not be stricken because they provide fair notice to Plaintiff.[1] Dkt. #21. Having reviewed the parties' briefing and considered the arguments set forth therein, the Court now GRANTS IN PART and DENIES IN PART Plaintiff's motion.

## II.    BACKGROUND

Plaintiff brings this case for personal injuries arising from an automobile accident that occurred on southbound I-5 in Seattle, WA, on February 26, 2015. Dkt. #1-1. Plaintiff named

---

[1] This motion does not pertain to the other named Defendant, State Farm Mutual Automobile Insurance Company.

ORDER
PAGE - 1

as two of the Defendants the driver of the tractor-trailer involved in the accident (Mr. Neele), and Mr. Neele's employer (Supreme Chain Logistics). *Id.* Mr. Neele and Supreme Chain Logistics filed their Answer to the Complaint on April 17, 2018, raising 16 affirmative defenses. Dkt. #12. Plaintiff now moves to strike defenses 1, 2, 5, 7-14 and 16. Dkt. #18 at 4.

### III. DISCUSSION

#### A. Legal Standard

Under Federal Rule of Civil Procedure 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). To determine whether a defense is "insufficient" under Rule 12(f), the Court asks whether it gives the plaintiff fair notice of the defense. *Simmons v. Navajo County*, 609 F.3d 1011, 1023 (9th Cir. 2010) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). Fair notice generally requires that defendants state the nature and grounds for the affirmative defense. *Employee Painters' Trust v. Pac. Nw. Contractors, Inc.*, 2013 U.S. Dist. LEXIS 59618, 2013 WL 1774628, at *4 (W.D. Wash. Apr. 25, 2013).

#### B. Affirmative Defense One

Plaintiff first moves to strike Defendants' Affirmative Defense One, which states:

> 1. Plaintiff's action should be dismissed in whole or in part because Plaintiff's alleged damages, if any, may not have been caused by Defendants.

Dkt. #12 at *Affirmative Defenses*, ¶ 1. Plaintiff argues that this defense should be stricken because it fails to provide sufficient facts by which the Plaintiff can determine the nature and grounds for the defense. Dkt. #18 at 5. Defendants respond that this defense is proper and provides fair

ORDER
PAGE - 2

notice because the accident occurred in the middle of a busy morning commute, and therefore there are many factors that could have contributed to the accident. Dkt. #21 at 6. The Court agrees with Defendants that this defense gives fair notice, and therefore it will not be stricken.

## C. Affirmative Defense Two

Although Plaintiff addresses Affirmative Defense Two in its motion, Defendants have agreed to consolidate this defense with Affirmative Defense Three, and therefore this defense no longer appears to be at issue. Dkts. #18 at 4, #21 at 8 and #23 at 2-3.

## D. Affirmative Defense Five

Plaintiff next moves to strike Defendants' Affirmative Defense Five, which states:

> Defendants assert herein all defenses stated in FRCP 12(b) in so far as they may be applicable and thus are not waived.

Dkt. #12 at *Affirmative Defenses*, ¶ 5. Plaintiff argues that this is an improper conclusory allegation, and she is left to guess as to which, if any, 12(b) defenses are actually being asserted as no facts have been pled. Dkt. #18 at 7. Defendants argue that there are questions remaining as to whether Defendants were properly served in this matter, and that it satisfies the fair notice standard. Dkt. #21 at 8. The Court agrees with Plaintiff that this is simply a catch-all conclusory allegation that provides no fair notice of the basis of the defense. *Dawson v. Genesis Credit Management, LLC*, 2017 U.S. Dist. LEXIS 103073, *2 (W.D. Wash. June 26, 2017) ("Using affirmative defenses as 'placeholders' without any factual support or specificity is inappropriate."). If Defendants believe that deficiency of service is an issue, they can amend the defense to be more specific. Accordingly, this defense will be STRICKEN with leave to amend.

///

///

///

ORDER
PAGE - 3

### E. Affirmative Defense Seven

Plaintiff next moves to strike Defendants' Affirmative Defense Seven. Dkt. #18 at 8. Defendants have agreed to withdraw this defense. Dkt. #21 at 9. Therefore this defense is no longer at issue.

### F. Affirmative Defense Eight

Plaintiff next moves to strike Defendants' Affirmative Defense Eight, which states:

> Plaintiff's claims may be barred by estoppel, waiver, or laches.

Dkt. #12 at *Affirmative Defenses*, ¶ 8. As with Affirmative Defense Five, Plaintiff argues that this is an improper conclusory allegation, and she is left to guess as to which, if any, of these defenses are actually being asserted as no facts have been pled. Dkt. #18 at 8. Plaintiff also argues that the defense of laches cannot be raised because the action was filed within the relevant statutory period. *Id.* Defendants argue that laches can be raised, and that the defense satisfies the fair notice standard in any event. Dkt. #21 at 9-10. The Court agrees with Plaintiff that this defense, as written, provides no fair notice of the basis of the defense. *Dawson*, *supra*, 2017 U.S. Dist. LEXIS 103073, *2. If Defendants believe that laches, waiver or estoppel applies in this case, they can amend the defense to be more specific. Accordingly, this defense will be STRICKEN with leave to amend.

### G. Affirmative Defense Nine

Plaintiff next moves to strike Defendants' Affirmative Defense Nine. Dkt. #18 at 9. Defendants have agreed to withdraw this defense. Dkt. #21 at 10. Therefore, this defense is no longer at issue.

### H. Affirmative Defense Ten

Plaintiff next moves to strike Defendants' Affirmative Defense Ten, which states:

> Plaintiff's claims for relief are limited and/or barred to the extent that Plaintiff or other parties failed to take reasonable steps to preserve material evidence necessary for Defendants [sic] inspection, or for use in Defendants' defense.

Dkt. #12 at *Affirmative Defenses*, ¶ 10. Plaintiff asserts that this is not an affirmative defense and therefore it should be stricken. Dkt. #18 at 9. Defendants assert it is proper. Dkt. #21 at 10-11. The Court disagrees with Defendants. Preservation of evidence can be addressed through discovery, but is not an appropriate affirmative defense. Therefore, this Defense will be STRICKEN without leave to amend.

### I. Affirmative Defense Twelve

Plaintiff next moves to strike Defendants' Affirmative Defense Twelve, which states:

> Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

Dkt. #12 at *Affirmative Defenses*, ¶ 12. Plaintiff argues that this type of "placeholder" defense is inappropriate. Dkt. #18 at 9-10. Defendants assert that there are questions of fact as to whether Defendants were properly served, and therefore this defense gives Plaintiff fair notice. Dkt. #21 at 11. The Court disagrees with Defendants. Whether Defendants were properly served is irrelevant to whether the claims were filed within the statute of limitations. This defense is otherwise vague and conclusory. *Dawson*, *supra*, 2017 U.S. Dist. LEXIS 103073, *2. If Defendants believe that any of the claims were filed outside of the applicable statute of limitations, they can amend the defense to be more specific. Accordingly, this defense will be STRICKEN with leave to amend.

### J. Affirmative Defense Thirteen

Plaintiff next moves to strike Defendants' Affirmative Defense Thirteen, which states:

> The damages, if any, sustained by Plaintiff may have been the sole and proximate result of an unavoidable accident.

ORDER
PAGE - 5

Dkt. #12 at *Affirmative Defenses*, ¶ 13. Plaintiff asserts that this is not an appropriate affirmative defense and therefore it should be stricken. Dkt. #18 at 10. Defendants respond that this is a proper defense. Dkt. #21 at 12. The Court agrees with Defendants. Washington courts have determined that "unavoidable accident" does not necessarily have to be pleaded, but does not preclude the pleading of such a defense. *See Hardman v. Younkers*, 15 Wn.2d 483, 491-92, 131 P.2d 177 (1942). Accordingly, the Court declines to strike this defense.

### K. Affirmative Defense Fourteen

Plaintiff next moves to strike Defendants' Affirmative Defense Fourteen. Dkt. #18 at 10. Defendants have agreed to withdraw this defense. Dkt. #21 at 12. Therefore this defense is no longer at issue.

### L. Affirmative Defense Sixteen

Finally, Plaintiff moves to strike Defendants' Affirmative Defense Sixteen, which states:

> Defendants reserve the right to amend this Answer, to assert additional Affirmative Defenses, cross-claims, or counter claims based upon future discovery in this case. Further, nothing contained in this Answer should be construed as a waiver of any such additional defenses or claims.

Dkt. #12 at *Affirmative Defenses*, ¶ 16. Plaintiff asserts this affirmative defense is improper, and Defendants may not reserve the right to assert affirmative defenses. Dkt. #18 at 11. Defendants respond that this defense is appropriate, as it is nothing more than a statement of an uncontroverted fact. Dkt. #21 at 12. The Court disagrees with Defendants. Using affirmative defenses as "placeholders" without any factual support or specificity is inappropriate. *Dawson*, *supra*, 2017 U.S. Dist. LEXIS 103073, *2. Accordingly, this defense is STRICKEN without leave to amend.

///

///

ORDER
PAGE - 6

## IV. CONCLUSION

Having reviewed Plaintiff's motion to strike, Defendants' opposition thereto, and the reply in support thereof, along with the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiff's Motion to Strike (Dkt. #18) is GRANTED IN PART AND DENIED IN PART as set forth above.

2. **No later than ten (10) days from the date of this Order**, Defendants shall file an Amended Answer conforming to the rulings in this Order.

3. Nothing in this Order precludes Plaintiff from moving to strike any amended affirmative defenses if she feels such action is necessary.

DATED this 30 day of May, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE