UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIE S. PUTTERMAN, | CASE NO. C18-376RSM |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTIONS TO COMPEL |
| v. | |
| SUPREME CHAIN LOGISTICS, LTD., a foreign corporation, *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Compel Plaintiff's Tax Returns (Dkt. #30) and Defendants' Second Motion to Compel Discovery Including Workers' Compensation Records; Medical Records; Mental Health Records; and Social Security Records (Dkt. #32). Plaintiff opposes the Motions and has requested oral argument. Dkts. #36 and #38. The Court, finding oral argument unnecessary to its resolution of these Motions, and after reviewing the record and for the following reasons, grants Defendants' Motions.

## II. BACKGROUND

**A. Underlying Collision**

On February 26, 2015, a tractor, driven by Defendant Davinder S. Neele and owned by Defendant Supreme Chain Logistics, LTD., rear-ended a vehicle driven by Plaintiff, Julie S.

ORDER – 1

Putterman. Dkt. #27 at ¶¶ 23–24, 46. Plaintiff was "severely injured as a result of the collision." *Id.* at ¶ 53. Plaintiff initiated this suit against Defendants Davinder Neele and Jane Doe Neele ("Neele Defendants"), Defendant Supreme Chain Logistics, LTD. ("Defendant Supreme Chain"), Defendant State Farm Mutual Automobile Insurance Company ("Defendant State Farm"), and Does 1-10.[1] Plaintiff swears that the collision "has been responsible for considerable damage and harm to my physical, mental and emotional health" and caused a multitude of medical issues, "[d]ifficulty sleeping," and "[a]nxiety, severe depression." Dkt. #31 at 19. Plaintiff also suffered economic harm as she "was re-starting [her] own consulting business" at the time of the accident, has been unable to "fully develop[ her] consulting practice," and "lost approximately $300,000.00 in income." *Id.* at 22–23.

### B. Discovery Disputes

Neele Defendants and Defendant Supreme Chain (collectively "Defendants")[2] first sent discovery requests on June 5, 2018 seeking discovery of Plaintiff's economic loss, medical records, mental health records, social security files, and workers compensation files and providing relevant releases. Dkt. #31 at ¶ 4; *Id.* at p.7–31. Plaintiff responded, electronically, to the requests on July 9, 2018, and has produced at least some relevant records.[3] Dkt. #40 at ¶ 3. Defendants, unsatisfied with Plaintiff's responses, contacted Plaintiff numerous times but have not received additional records or executed copies of relevant releases other than a "Stipulated Order" that Plaintiff believes is necessary and sufficient. Prior to the filing of these Motions, the

---

[1] No Doe Defendants have been identified or appeared.

[2] Defendant State Farm has not taken a position on the Motions.

[3] The record is not particularly clear as to what has been produced. Plaintiff asserts that she has produced "over 2,000 pages of medical and other records." Dkt. #36 at 2.

ORDER – 2

parties met and conferred in person on July 30, 2018, but were unable to come to an agreement. Dkt. #31 at ¶ 6.

### III. DISCUSSION

**A. Legal Standard**

The Federal Rules of Civil Procedure set the general scope of discovery.

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). A party may issue requests for production, limited by the general scope of discovery, to other parties seeking access to documents in "the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The responding party must produce the documents or "state with specificity the grounds for objecting to the request, including the reasons" and "state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2).

If a party receiving a discovery request believes that the request falls outside the scope of allowable discovery, the party may seek a protective order. Fed. R. Civ. P. 26(c). Conversely, where a party refuses to respond to a request that the requesting party believes falls within the scope of allowable discovery, the requesting party may seek an order compelling production of the requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iv). In either case, "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

ORDER – 3

**B. Plaintiff Shall Produce Tax Records**

Defendants concede that they must demonstrate a compelling need for income tax returns. Dkt. #30 at 8. Defendants argue that a compelling need exists because Plaintiff puts her income and the profitability of her consulting business at issue, because the tax returns will provide highly relevant information, and because the information is not readily available from other sources. Dkt. #8–10. Plaintiff argues that Defendants never sought tax returns, Dkt. #38 at 3–4,[4] while not acknowledging that she herself indicated that "Plaintiff will execute reasonable forms to obtain tax returns" in order to respond to several requests. Dkt. #31 at 28. Plaintiff also argues that Defendants do not have a compelling need as they have not subpoenaed employers to obtain wage and earning information,[5] have not used the stipulated order Plaintiff provided,[6] and, after filing the Motions, have been provided a "Social Security and Medicare Earnings Statement."[7] Dkt. #38 at 5. But these arguments miss the point. Defendants have shown a

---

[4] Defendants request: "all employment records . . . relating to wages earned or earning capacity;" "records or documents relating to any wages lost or diminished earning capacity claimed;" "any and all documents . . . documenting the other damages you attribute to this incident;" and "all responsive documents identified in" Plaintiff's response to an interrogatory seeking information related to lost income or earning capacity. Dkt. #38 at 3–4 (quoting relevant language).

[5] Plaintiff has not asserted or shown that these documents are not under her possession, custody, or control and provides no reason that Defendants must pursue all records by subpoena. Indeed, requiring the use of subpoenas where Plaintiff can provide access with executed releases does not seem to be in line with Plaintiff's Counsels' responsibilities under the Local Civil Rules. *See* LCR 83.1(d)(2); Introduction to Civil Rules ("It is the obligation of all counsel, as officers of the court, to work toward the prompt completion of each case and to minimize the costs of discovery. . . . Along with the cost of civil litigation, the judges of this district are very concerned about professionalism among attorneys, especially in the conduct of discovery.").

[6] Plaintiff's argument on this point will be addressed below.

[7] Defendants note that the Social Security document provided is dated March 21, 2017. Dkt. #39 at 2. While arguing that this document contains all the relevant information Defendants need, Plaintiff offers no explanation as to why the document was not previously provided in response to Defendants' requests. Regardless, Plaintiff concedes that the Social Security document may

ORDER – 4

compelling need for the *information* contained in the returns. Though Plaintiff may have shown other methods of acquiring the information are available—without weighing the relative burdens—that does not relieve her of *her* discovery obligations.

C. **Plaintiff Shall Produce Other Relevant Documents**

With regards to medical records, mental health records, social security records, and workers' compensation records, Defendants argue that Plaintiff has put all of these records at issue as she claims extensive physical and mental injuries, has indicated that she made a social security disability claim close to the date of the accident, and has not given a clear indication as to whether she has ever made a state workers' compensation claim. Dkt. #32 at 5–9. Plaintiff makes no argument that these documents are not relevant.[8] Rather, Plaintiff questions only whether the time-frame of Defendants' requests are proportional to the needs of the case. Dkt. #36 at 6 (characterizing Defendants' requests as "from birth to death"). Yet Plaintiff provides no argument beyond a conclusory statement that Defendants' requested timeframe—actually ten years prior to the collision to the present—is disproportionate and that going back only three years before the accident is more proportionate. The Court has little trouble deciding that the requested documents are within the proper scope of discovery for this case.

---

not include complete information. Dkt. #38 at 5. Further, the document provides only total income and does not provide a full picture of the income generated by Plaintiff's consulting business and by other employment. The availability of the Social Security document does not obviate all need for the information contained in tax returns.

[8] Plaintiff does advance an argument that "Defendants are asking the court for an improper advisory opinion" as Defendants have not attempted to obtain the records by subpoena. Plaintiff's argument in this regard entirely misses the fact that the dispute at issue is whether Plaintiff should be compelled to comply with her discovery obligations by producing relevant documents within her possession, custody, and control. Defendants are not attempting to compel discovery from third parties.

ORDER – 5

### D. Production is Proportionate to the Needs of the Case

Most of Plaintiff's arguments are better understood as arguments that requiring her to produce the documents is not proportionate to the needs of this case. But again, the Court has little problem concluding that such production is proportionate to the needs of this case. All of the documents are relevant and within Plaintiff's possession, custody, or control as she can easily obtain the records by requesting them. The Court sees no reason that Defendants should be required to utilize a lengthy and involved subpoena process where Plaintiff can easily obtain the documents. The Court understands Plaintiff's hesitancy to do the leg work of contacting and coordinating with records custodians to gather the records, but this is why parties often elect to execute releases and allow the opposing party to gather the records.

The Court need not address Plaintiff's argument that the Court cannot require Plaintiff to execute releases as Plaintiff can otherwise easily obtain and produce the relevant documents on her own. But the Court notes that compelling her execution of releases is in accord with this Court's prior orders. *Lahrichi v. Lumera Corp.*, No. C04-2124JCC, 2005 WL 2898145, at *5 (W.D. Wash. Nov. 1, 2005) (compelling release of medical records "by completing and executing HIPAA-compliant medical authorization forms (to be provided by Defendants)"); *Kifer v. Am. Family Mut. Ins. Co.*, No. 13-6085RJB, 2015 WL 1188565, at *4 (W.D. Wash. Mar. 16, 2015) (compelling execution of IRS release); *Gilson v. Evergreen at Talbot Rd. L.L.C.*, No. C04-02126JCC, 2005 WL 3841864, at *3 (W.D. Wash. Nov. 1, 2005) (compelling releases for relevant medical records).

Plaintiff argues that Defendants should instead be forced to use Plaintiff's "Agreed Order and Authorization for Medical Records, Mental Healthcare Records, Educational Records, and/or Employment Records for Julie S. Putterman." Dkt. #38 at 31–36. The parties disagree as to

ORDER – 6

whether the terms of that order are reasonable. While Plaintiff may seek Defendants' agreement on additional terms, Plaintiff may not refuse to satisfy her discovery obligations by requiring Defendants to agree to terms they are unwilling to agree to. The Court is likewise confused by the document's form as a court order and uncertain of its authority to issue such an order, concerned by the apparently unlimited scope, unsure of why Plaintiff would want such an executed order on the public docket, and unconvinced of the need for such an Order. To the extent Plaintiff believed she required further protections than those provided under federal law and the Federal Rules of Civil Procedure, she was free to seek relief from the Court.

Lastly, Defendants point out that Plaintiff never objected to the requests for production on any of the bases advanced in her briefing. "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)). Of the relevant requests for production, RFP No. 3 is the only one that Plaintiff objected to. Dkt. #31 at 27 ("Objection. Collateral source doctrine. Without waiving, see above."). Plaintiff may not abandon her single objection in favor of briefing entirely new objections not previously asserted. Dkts. #34, #36, and #38.

**E. Defendants Must Redact Prior Filings**

Plaintiff does correctly note that one of Defendants' filings failed to redact Plaintiff's birth date. Dkt. #38 at 3 (pointing to specific pages in Dkt. #31). Defendants are accordingly required to file a redacted copy of the Declaration of Nicholas R. Major in Support of Defendants' Two Motions to Compel (Dkt. #31).

///

///

ORDER – 7

### F. Defendants Are Entitled to Attorneys' Fees

Defendants have sought attorneys' fees for the two Motions. Dkt. #30 at 10; #32 at 10. Federal Rule of Civil Procedure 37 provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Rule 37(a)(5)(A). Accordingly, the Court will grant Defendants' request for their expenses in bringing this motion.

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1. Defendants' Motion to Compel Plaintiff's Tax Returns (Dkt. #30) is GRANTED. Plaintiff shall produce income tax records for years 2005–2017 within thirty (30) days of the entry of this Order or provide an executed release for the records within seven (7) days of the entry of this Order.

2. Defendants' Second Motion to Compel Discovery Including Workers' Compensation Records; Medical Records; Mental Health Records; and Social Security Records (Dkt. #32) is GRANTED. Plaintiff shall produce medical, mental health, social security, and workers' compensation records for years 2005–present within thirty (30) days of the entry of this Order or provide executed releases for the records within seven (7) days of the entry of this Order.

3. The Declaration of Nicholas R. Major in Support of Defendants' Two Motions to Compel (Dkt. #31) shall be immediately SEALED BY THE CLERK. Within seven (7) days of

the entry of this Order, Defendants shall refile a copy of the document that is properly redacted in accordance with Local Civil Rule 5.2(a).

4. Defendants' requests for attorneys' fees and costs are GRANTED. No later than fourteen (14) days from the date of this Order, Defendants may file a Supplemental Motion for Attorney's Fees no longer than six (6) pages and supported by documentary evidence reflecting the amount of fees and costs sought. The motion shall be noted for the second Friday after it is filed. No later than the Monday before the noting date, Plaintiff may file a Response, no longer than six (6) pages, addressing only the reasonableness of the fees and costs requested. No Reply is permitted.

DATED this 27 day of November, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE